EDGAR AGUILAR #200703760
NCDC
SHU #339
1125 THIRD ST.
NAPA, CA 94559

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

EDGAR AGUILAR,
PLAINTIFF,
V.
NAPA COUNTY BOARD OF SUPERVISORS,
DINA JOSE, A.J. ALARCON,
PAUL R. FERNANDEZ,
G. VALESI, R. NORRIS,
DEFENDANTS.

CASE NO. ________
HON. ________
MAG. ________

CIVIL RIGHTS COMPLAINT
(ORIGINAL COMPLAINT)
JURY TRIAL DEMANDED

# VERIFIED COMPLAINT

## I. INTRODUCTION

1. THIS IS A FEDERAL CIVIL RIGHTS ACTION BROUGHT BY PLAINTIFF, EDGAR AGUILAR, A STATE PRISONER CURRENTLY HOUSED IN COUNTY JAIL, ALLEGING VIOLATIONS OF HIS 1ST AND 14TH AMENDMENT U.S. CONSTITUTIONAL RIGHTS. HE IS SEEKING A DECLARATION THAT HIS RIGHTS HAVE BEEN VIOLATED ALONG WITH NOMINAL, COMPENSATORY, AND PUNITIVE DAMAGES. HE IS ALSO SEEKING AN INJUNCTION TO PREVENT FUTURE HARM.

## II. JURISDICTION

2. JURISDICTION OF THIS COURT IS INVOKED PURSUANT TO 28 U.S.C. §1331(a)

IN THAT THIS IS A 42 U.S.C. §1983 ACTION ARISING UNDER THE CONSTITUTION OF THE UNITED STATES.

3. JURISDICTION OF THIS COURT IS INVOKED PURSUANT TO 28 U.S.C. §1343(a)(3) IN THAT THIS ACTION SEEKS TO REDRESS THE DEPRIVATION UNDER COLOR OF STATE LAW, OF RIGHTS SECURED BY ACTS OF CONGRESS PROVIDING FOR THE FREEDOM OF SPEACH AND DUE PROCESS OF LAW.

4. JURISDICTION OF THIS COURT IS INVOKED PURSUANT TO 28 U.S.C. §2201 AND RULE 57 OF THE FEDERAL RULES OF CIVIL PROCEDURE IN THAT THIS ACTION SEEKS A DECLARATORY JUDGEMENT.

## III. VENUE

5. THE SAN FRANCISCO DIVISION FOR THE NORTHERN DISTRICT OF CALIFORNIA IS AN APPROPRIATE VENUE PURSUANT TO 28 U.S.C. §1391(b)(2) BECAUSE A SUBSTANTIAL PART OF THE ACTS OR OMISSIONS GIVING RISE TO THE CLAIMS OCCURED IN NAPA COUNTY, CALIFORNIA, A COUNTY WITHIN THE SAN FRANCISCO DIVISION.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. PLAINTIFF HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES UP TO THE THIRD AND FINAL LEVEL.

## V. PARTIES

7. PLAINTIFF, EDGAR AGUILAR, WAS A CONVICTED INMATE HOUSED IN NAPA COUNTY DEPARTMENT OF CORRECTIONS (NCDC), AT ALL TIMES RELEVANT.

8. DEFENDANT, NAPA COUNTY BOARD OF SUPERVISORS, WAS A MUNICIPALITY AT ALL TIMES RELEVANT, GENERALLY RESPONSIBLE FOR PROMULGATING THE POLICY FOR NCDC, WHILE ACTING UNDER COLOR OF STATE LAW. IT IS SUED IN ITS



INDIVIDUAL AND OFFICIAL CAPACITIES.

9. DEFENDANT, DINA JOSE, WAS THE DIRECTOR AT ALL RELEVANT TIMES, GENERALLY VESTED WITH FINAL POLICY MAKING AUTHORITY, WHEN ACTING UNDER COLOR OF STATE LAW WHILE EMPLOYED BY NCDC. SHE IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITIES.

10. DEFENDANT, A.J. ALARCON WAS THE ASSISSTANT DIRECTOR AT ALL RELEVANT TIMES, WHO WAS GENERALLY RESPONSIBLE FOR REVIEWING THE THIRD AND FINAL LEVEL OF GRIEVANCES, WHEN ACTING UNDER COLOR OF STATE LAW WHILE EMPLOYED BY NCDC. HE IS SUED IN HIS INDIVIDUAL CAPACITY.

11. DEFENDANT, PAUL R. FERNANDEZ, WAS THE LIEUTENANT AND GRIEVANCE COORDINATOR AT ALL RELEVANT TIMES, WHO WAS GENERALLY RESPONSIBLE FOR THE LEVEL II REVIEW OF GRIEVANCES, WHEN ACTING UNDER COLOR OF STATE LAW WHILE EMPLOYED BY NCDC. HE IS SUED IN HIS INDIVIDUAL CAPACITY.

12. DEFENDANT, G. CALESI, WAS A SERGEANT AT ALL RELEVANT TIMES, WHO WAS GENERALLY RESPONSIBLE FOR BEING THE WATCH COMMANDER ON HIS SHIFT AND RESPONDING TO THE LEVEL I AND INFORMAL GRIEVANCE REGARDING THIS COMPLAINT, WHEN ACTING UNDER COLOR OF STATE LAW WHILE EMPLOYED BY NCDC. HE IS SUED IN HIS INDIVIDUAL CAPACITY.

13. DEFENDANT R. NORRIS, WAS A CLERICAL WORKER AT ALL RELEVANT TIMES, WHO WAS GENERALLY RESPONSIBLE FOR PROCESSING INCOMING MAIL, WHEN ACTING UNDER COLOR OF STATE LAW WHILE EMPLOYED BY NCDC. SHE IS SUED IN HER INDIVIDUAL CAPACITY.

## VI. STATEMENT OF FACTS

14. ON JULY 9, 2023, PLAINTIFF'S LOVED ONES WIFE SENT HIM THE BOOK, "GARNER'S DICTIONARY OF LEGAL USAGE," IN HARD COVER FORM BECAUSE HE COULD NOT FIND IT AS A SOFT COVER.

15. ON JULY 18, 2023, AT APPROXIMATELY 6:30 PM, PLAINTIFF ASKED C/O CENTENO IF HE COULD CHECK IF PLAINTIFF'S BOOK HAD ARRIVED TO NCDC.

THAT IF IT HAD; IF HE COULD JUST REMOVE THE HARD COVERS AND GIVE HIM HIS BOOK BEFORE IT GOT PLACED INTO HIS PROPERTY.

16. C/O CENTENO TOLD PLAINTIFF HE WOULD LOOK IF IT HAD ARRIVED AND IF SO, HE WOULD SEE WHAT HE COULD DO.

17. SOMETIME AFTER, C/O CENTENO INFORMED PLAINTIFF THE BOOK HAD ARRIVED BUT THAT "CLERICAL" HAD ALREADY EXCLUDED IT AND THAT IT HAD SOMETHING ON IT. THAT IF HE GOT THE CHANCE HE WOULD SHOW PLAINTIFF THE BOOK.

18. PLAINTIFF ASKED C/O CENTENO IF HE COULD REMOVE THE HARD COVERS AND ISSUE HIM THE BOOK ANYWAY BEFORE IT WAS PLACED INTO HIS PROPERTY.

19. C/O CENTENO TOLD PLAINTIFF HE COULD NOT BECAUSE THE SERGEANT (SGT. G. VALEST) HAD ALREADY CHECKED IT OUT (OR SOMETHING TO THAT EXTENT).

20. SOMETIME AFTER THAT, SGT. G. VALEST WENT TO PLAINTIFFS DOOR TO SERVE HIM A RESPONSE TO AN UNRELATED GRIEVANCE.

21. WHILE AT HIS DOOR, PLAINTIFF ASKED SGT. G. VALEST IF HE COULD TAKE THE HARD COVERS OFF HIS BOOK AND ISSUE IT TO HIM.

22. SGT. G. VALEST FEIGNED IGNORANCE BY ACTING LIKE HE DIDNT KNOW WHAT PLAINTIFF WAS TALKING ABOUT WHEN STATING, "THIS IS THE FIRST I HEAR ABOUT THIS," THEN ASKING C/O CENTENO, "WHATS THIS ABOUT A BOOK?"

23. C/O CENTENO THEN RECOUNTED WHAT HE HAD TOLD PLAINTIFF BUT KEPT OUT THE PART ABOUT SGT. G. VALEST HAVING ALREADY CHECKED IT OUT.

24. SGT. G. VALEST THEN CLAIMED THERE WAS NOTHING HE COULD DO ABOUT IT BECAUSE CLERICAL HAD ALREADY EXCLUDED IT; THAT IF IT WOULD HAVE GONE TO HIM FIRST IT WOULD HAVE BEEN DIFFERENT.

25. SOMETIME AFTER THAT, C/O CENTENO SERVED THE PLAINTIFF WITH THE NOTICE OF EXCLUSION INFORMING HIM OF THE REASONS FOR EXCLUSION (I.E. "USED/PRE-OWNED, HARD COVER" AND "OTHER UNKNOWN SUBSTANCES"), THE PERSON RESPONSIBLE FOR THE EXCLUSION (I.E. "SH-RN", A.K.A. R. NORRIS), AND THE DISPOSITION THEREFOR (I.E. PLACED INTO PROPERTY).

26. ON JULY 19, 2023 AT APPROXIMATELY 9:04 PM, PLAINTIFF SENT AN INMATE REQUEST FORM TO CLERICAL WORKER R. NORRIS REQUESTING SHE REMOVE THE HARD COVERS AND ISSUE HIM THE BOOK OR TO SEND THE BOOK BACK.

27. ON OR ABOUT JULY 28, 2023, PLAINTIFF RECEIVED A RESPONSE TO HIS INMATE REQUEST BY LT. MARTINEZ INFORMING HIM OF NCDC POLICY OF EXCLUDING HARD COVER AND USED BOOKS.

28. ON JULY 30, 2023, PLAINTIFF SUBMITTED AN INFORMAL GRIEVANCE COMPLAINING ABOUT THE EXCLUSION AND DISPOSITION OF HIS BOOK WITHOUT DUE PROCESS OF LAW.

29. ON AUGUST 8, 2023, SGT. G. VALESE RESPONDED TO PLAINTIFF'S INFORMAL GRIEVANCE BY CITING NCDC POLICY OF EXCLUDING HARD COVER BOOKS AND INFORMING PLAINTIFF OF HIS ABILITY TO RELEASE HIS PROPERTY ALONG WITH THE BOOK TO A LOVED ONE.

30. ON AUGUST 11, 2023, PLAINTIFF SUBMITTED THE LEVEL I FORMAL GRIEVANCE, BRIEFLY ADDRESSING PRONGS 1 AND 4 OF THE "TURNER TEST" REGARDING NCDC POLICY OF EXCLUDING HARD COVER BOOKS.

31. ON AUGUST 21, 2023, SGT. G. VALESE RESPONDED TO PLAINTIFF'S LEVEL I GRIEVANCE CLAIMING A REASONABLE ACCOMODATION TO PLAINTIFF'S 1ST AMENDMENT RIGHT AT MINIMAL COST TO NCDC'S VALID PENOLOGICAL INTEREST HAD BEEN MET BY PLACING THE BOOK INTO PLAINTIFF'S PROPERTY BAG, THEREBY DENYING THE GRIEVANCE.

32. ON AUGUST 28, 2023, PLAINTIFF SUBMITTED THE LEVEL II GRIEVANCE CITING KRUG V. LUTZ, 329 F.3d 692 (9TH CIR., 2003), OUTLINING THAT FOR PLAINTIFF'S DUE PROCESS RIGHTS TO BE MET, HE IS ENTITLED TO TWO LEVEL REVIEW OF THE EXCLUSION OF THE BOOK, ALSO ASSERTING THAT TO RELEASE ALL OF HIS PROPERTY TO A LOVED ONE WOULD BE UNDULY BURDENSOME ON BOTH HIM AND HIS LOVED ONE.

33. ON AUGUST 29, 2023, LT. PAUL R. FERNANDEZ RESPONDED TO

PLAINTIFF'S LEVEL II GRIEVANCE BY CLAIMING THAT PLAINTIFF'S BOOK HAD NOT BEEN DISPOSED OF, HIS RIGHTS HAD NOT BEEN VIOLATED, STAFF HAD ACTED WITHIN NCDC POLICY, ASSERTING THE "DEFERENCE IN ADOPTING POLICIES" NCDC IS AFFORDED AND THEREFORE DENYING PLAINTIFF'S GRIEVANCE.

34. ON SEPTEMBER 9, 2023, PLAINTIFF SUBMITTED HIS LEVEL III GRIEVANCE DEFINING "DISPOSE OF" AND INFORMING NCDC AND ITS AGENTS THAT THEY CANNOT ADOPT POLICIES IN CONFLICT WITH CONSTITUTIONAL PRINCIPLES.

35. ON SEPTEMBER 22, 2023, ASSISSTANT DIRECTOR A.J. ALARCON GAVE THE FINAL RESPONSE TO PLAINTIFF'S LEVEL III GRIEVANCE BY CLAIMING THAT THE GRIEVANCE HAD BEEN RESOLVED BY SGT. G. VALESI IN THE INFORMAL AND LEVEL I STAGES, THAT NCDC STAFF HAD ACTED ACCORDING TO POLICY, THAT PLAINTIFF'S BOOK WAS NOT DISPOSED OF, THAT PLAINTIFF'S GRIEVANCE DID NOT RISE TO A LEVEL III, THAT THE GRIEVANCE WAS RESOLVED AND THEREFORE DENIED.

## VII. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## 1ST. AMENDMENT TO THE U.S. CONSITITUTION

36. THE CONTENTIONS IN PARAGRAPHS 14 THROUGH 35, INCLUSIVE, ARE HEREBY INCORPORATED BY REFERENCE.

37. DEFENDANT R. NORRIS VIOLATED PLAINTIFF'S RIGHT TO FREEDOM OF SPEACH GUARANTEED BY THE 1ST AMENDMENT OF THE U.S. CONSITITUTION BY ENFORCING AN OUTRIGHT CATEGORICAL BAN ON HARD COVER AND USED BOOKS BY EXCLUDING PLAINTIFF'S BOOK.

38. DEFENDANT G. VALESI, WITH CALLOUS OR RECKLESS INDIFFERENCE, VIOLATED PLAINTIFF'S RIGHT TO FREEDOM OF SPEACH GUARANTEED BY THE 1ST. AMENDMENT TO THE U.S. CONSITITUTION BY ENFORCING NCDC'S UNCONSTITUTIONAL POLICY OF AN OUTRIGHT CATEGORICAL BAN ON HARD COVER AND USED BOOKS WHEN



FRAUDULENTLY CLAIMING THERE WAS NOTHING HE COULD DO ABOUT PLAINTIFFS BOOK BECAUSE "CLERICAL" HAD ALREADY EXCLUDED IT THEN AFTERWARDS RESPONDING TO AND DENYING PLAINTIFFS INFORMAL AND LEVEL I GRIEVANCE.

39. DEFENDANT PAUL R. FERNANDEZ, WITH CALLOUS OR RECKLESS INDIFFERENCE, VIOLATED PLAINTIFFS RIGHT TO FREEDOM OF SPEACH GUARANTEED BY THE 1ST AMENDMENT TO THE U.S. CONSTITUTION BY ENFORCING NCDC'S UNCONSTITUTIONAL POLICY OF AN OUTRIGHT CATEGORICAL BAN ON HARD COVER AND USED BOOKS WHEN DENYING PLAINTIFF'S LEVEL II GRIEVANCE BY FRAUDULENTLY CLAIMING THAT PLAINTIFFS RIGHTS HAD NOT BEEN VIOLATED, THEN ASSERTING THAT NCDC STAFF HAD ACTED ACCORDING TO POLICY, AND THE "DIFFERENCE IN ADOPTING POLICIES" NCDC IS AFFORDED.

40. DEFENDANT A.J. ALARCON, WITH CALLOUS OR RECKLESS INDIFFERENCE, VIOLATED PLAINTIFF'S RIGHT TO FREEDOM OF SPEACH GUARANTEED BY THE 1ST AMENDMENT TO THE U.S. CONSTITUTION BY ENFORCING NCDC'S UNCONSTITUTIONAL POLICY OF AN OUTRIGHT CATEGORICAL BAN ON HARD COVER AND USED BOOKS BY DENYING THE THIRD AND FINAL LEVEL RESPONSE TO PLAINTIFF'S GRIEVANCE BY FRAUDULENTLY CLAIMING THAT G. VALESE HAD RESOLVED THE GRIEVANCE IN IT'S INFORMAL AND LEVEL I STAGES, THEN ASSERTING NCDC STAFF HAD ACTED ACCORDING TO POLICY, THAT PLAINTIFFS GRIEVANCE DID NOT RISE TO A LEVEL III, AND THAT IT WAS RESOLVED.

41. DEFENDANT DENA JOSE VIOLATED PLAINTIFFS RIGHT TO FREEDOM OF SPEACH GUARANTEED BY THE 1ST AMENDMENT TO THE U.S. CONSTITUTION BY ADOPTING THE UNCONSTITUTIONAL POLICY OF CATEGORICALLY EXCLUDING HARD COVER AND USED BOOKS.

42. DEFENDANT NAPA COUNTY BOARD OF SUPERVISORS VIOLATED PLAINTIFF'S RIGHT TO FREEDOM OF SPEACH GUARANTEED BY THE 1ST AMENDMENT OF THE U.S. CONSTITUTION BY PROMULGATING THE UNCONSTITUTIONAL POLICY OF CATEGORICALLY EXCLUDING HARD COVER AND USED BOOKS.



SECOND CAUSE OF ACTION

14TH AMENDMENT TO THE U.S. CONSTITUTION

43. THE CONTENTIONS IN PARAGRAPHS 14 THROUGH 35, INCLUSIVE, ARE HEREBY INCORPORATED BY REFERENCE.

44. DEFENDANT R. NORRIS VIOLATED PLAINTIFF'S DUE PROCESS RIGHTS GUARANTEED BY THE 14TH AMENDMENT TO THE U.S. CONSITUTION WHEN ENFORCING NCDC'S UNCONSTITUTIONAL POLICY OF EXCLUDING AND DISPOSING OF PLAINTIFF'S BOOK WITHOUT AFFORDING HIM THE OPPORTUNITY TO CHALLENGE THE EXCLUSION THROUGH TWO LEVEL REVIEW.

45. DEFENDANT G. VALESE, WITH CALLOUS OR RECKLESS INDIFFERENCE, VIOLATED PLAINTIFF'S DUE PROCESS RIGHTS GUARANTEED BY THE 14TH AMENDMENT TO THE U.S. CONSITUTION BY ENFORCING NCDC'S UNCONSTITUTIONAL POLICY OF EXCLUDING AND DISPOSING OF PLAINTIFF'S BOOK WITHOUT AFFORDING HIM THE OPPORTUNITY TO CHALLENGE THE EXCLUSION THROUGH TWO LEVEL REVIEW WHEN FRAUDULENTLY CLAIMING THERE WAS NOTHING HE COULD DO ABOUT PLAINTIFF'S BOOK BECAUSE CLERICAL (R. NORRIS) HAD ALREADY EXCLUDED IT THEN AFTERWARDS RESPONDING TO AND DENYING PLAINTIFF'S INFORMAL AND LEVEL I GRIEVANCE.

46. DEFENDANT PAUL R. FERNANDEZ, WITH CALLOUS OR RECKLESS INDIFFERENCE, VIOLATED PLAINTIFF'S DUE PROCESS RIGHTS GUARANTEED BY THE 14TH AMENDMENT TO THE US CONSTITUTION WHEN ENFORCING NCDC'S UNCONSTITUTIONAL POLICY OF EXCLUDING AND DISPOSING OF PLAINTIFF'S BOOK WITHOUT AFFORDING HIM THE OPPORTUNITY TO CHALLENGE THE EXCLUSION THROUGH TWO LEVEL REVIEW BY DENYING PLAINTIFF'S LEVEL II GRIEVANCE BY FRAUDULENTLY CLAIMING THAT PLAINTIFF'S BOOK WAS NOT DISPOSED OF, PLAINTIFF'S RIGHTS HAD NOT BEEN VIOLATED, THEN ASSERTING THAT NCDC STAFF HAD ACTED ACCORDING TO POLICY, AND THE "DEFFERANCE IN ADOPTING POLICIES" NCDC IS AFFORDED.

47. DEFENDANT A.J. ALARCON, WITH CALLOUS OR RECKLESS INDIFFERENCE, VIOLATED PLAINTIFF'S DUE PROCESS RIGHTS GUARANTEED BY THE 14TH AMENDMENT TO THE U.S. CONSITUTION WHEN ENFORCING NCDC'S



UNCONSITUTIONAL POLICY OF EXCLUDING AND DISPOSING OF PLAINTIFF'S BOOK WITHOUT AFFORDING HIM THE OPPORTUNITY TO CHALLENGE THE EXCLUSION THROUGH TWO LEVEL REVIEW BY DENYING THE THIRD AND FINAL LEVEL OF PLAINTIFF'S GRIEVANCE BY FRAUDULENTLY CLAIMING THAT G. VALESE HAD RESOLVED THE GRIEVANCE IN ITS INFORMAL AND LEVEL I STAGES, THAT PLAINTIFF'S BOOK WAS NOT DISPOSED OF, THEN ASSERTING THAT NCDC STAFF HAD ACTED ACCORDING TO POLICY, THAT PLAINTIFF'S GRIEVANCE DID NOT RISE TO A LEVEL III, AND THAT THE GRIEVANCE WAS RESOLVED.

48. DEFENDANT DINA JOSE VIOLATED PLAINTIFF'S DUE PROCESS RIGHTS GUARANTEED BY THE 14TH AMENDMENT OF THE U.S. CONSITUTION BY ADOPTING THE UNCONSITUTIONAL POLICY OF EXCLUDING AND DISPOSING OF PLAINTIFF'S BOOK WITHOUT AFFORDING HIM THE OPPORTUNITY TO CHALLENGE THE EXCLUSION THROUGH TWO LEVEL REVIEW.

49. DEFENDANT NAPA COUNTY BOARD OF SUPERVISORS VIOLATED PLAINTIFF'S DUE PROCESS RIGHTS GUARANTEED BY THE 14TH AMENDMENT TO THE U.S. CONSTITUTION BY PROMULGATING THE UNCONSITUTIONAL POLICY OF EXCLUDING AND DISPOSING OF PLAINTIFF'S BOOK WITHOUT AFFORDING HIM THE OPPORTUNITY TO CHALLENGE THE EXCLUSION THROUGH TWO LEVEL REVIEW.

## VIII. PRAYER FOR RELIEF

50. WHEREFORE PLAINTIFF RESPECTFULLY PRAYS FOR RELIEF AS FOLLOWS:

1.) ISSUE A DECLARATORY JUDGEMENT THAT DEFENDANTS ACTIONS COMPLAINED OF HEREIN VIOLATED PLAINTIFF'S 1ST AND 14TH AMENDMENT RIGHTS UNDER THE U.S. CONSTITUTION.

2.) AWARD NOMINAL AND COMPENSATORY DAMAGES SEVERALLY AGAINST DEFENDANTS R. NORRIS, G. VALESE, PAUL R. FERNANDEZ, A.J. ALARCON, DINA JOSE, AND NAPA COUNTY BOARD OF SUPERVISORS FOR THE VIOLATION OF PLAINTIFF'S 1ST AND 14TH AMENDMENT RIGHTS. BY THIS DEMAND PLAINTIFF SEEKS COMPENSATION FOR THE

UNJUST LOSS OF THE LIBERTY PLAINTIFF HAS SUFFERED THROUGH THE EXCLUSION OF HIS BOOK. PLAINTIFF LOVES BOOKS, LEARNING NEW THINGS, AND LEARNING ABOUT THE LAW. THE LAW IS SOMETHING THAT CHALLENGES AND ENGAGES PLAINTIFF'S MIND LIKE NOTHING IN HIS LIFE HAS UP TO DATE, WHICH IN TURN HELPS HIM FOCUS ON POSITIVE THINGS INSTEAD OF THE NEGATIVITY THAT PERMEATES CORRECTIONS FACILITIES. THE UNJUST EXCLUSION OF "GARNER'S DICTIONARY OF LEGAL USAGE" HAS DEPRIVED PLAINTIFF OF THE LIBERTY TO NOT ONLY EXPAND ON HIS LIMITED KNOWLEDGE ON LEGAL USAGE IN PARTICULAR AND THE LAW IN GENERAL. IT HAS ALSO DEPRIVED HIM OF THE LIBERTY TO EXPAND HIS INTELLECT TO BE ABLE TO MORE PRODUCTIVELY CONTRIBUTE TO THE FREE EXCHANGE OF IDEAS THAT IS SO IMPORTANT TO THIS AMERICAN FORM OF DEMOCRATIC GOVERNMENT.

3.) AWARD PUNITIVE DAMAGES SEVERALLY AGAINST DEFENDANTS G. VALESI, PAUL R. FERNANDEZ, AND A.J. ALARCON FOR BEING CALLOUSLY OR RECKLESSLY INDIFFERENT TO PLAINTIFF'S 1ST AND 14TH AMENDMENT CONSTITUTIONAL RIGHTS.

4.) ISSUE AN INJUNCTION ORDERING DEFENDANTS NAPA COUNTY BOARD OF SUPERVISORS AND DINA JOSE TO PROMULGATE AND ADOPT POLICY WHEREBY INMATES CAN:

A.) RECEIVE USED PUBLICATIONS SENT THROUGH ANY BONAFIED AND LEGITIMATE BOOK PUBLISHER, DISTRIBUTOR, AND/OR VENDOR,

B.) RECEIVE HARD COVER BOOKS THROUGH ANY BONAFIED AND LEGITIMATE BOOK PUBLISHER, DISTRIBUTOR, AND/OR VENDOR, SO LONG AS THE INMATE CONSENTS TO THE REMOVAL OF THE HARD COVER IN HIS/HER PRESENCE IN ORDER TO ENSURE THE BOOKS STRUCTURAL INTEGRITY REMAINS INTACT,

AND EITHER,

C.) CHOOSE THE DISPOSITION OF HIS/HER MAIL BETWEEN I.) PLACING IT IN HIS/HER PROPERTY BAG, II.) RELEASE ONLY THE BOOK ITSELF ONLY TO SOMEONE WHO IS WILLING TO PICK IT UP, OR III.) MAIL THE BOOK TO SOMEONE OF THE INMATE'S CHOOSING AT HIS/HER OWN EXPENSE;



OR,

D.) CHALLENGE THE EXCLUSION THROUGH TWO LEVEL REVIEW TO SOMEONE OTHER THAN THE PERSON WHO EXCLUDED IT.

5.) GRANT PLAINTIFF FEES AND COSTS.

6.) GRANT PLAINTIFF SUCH OTHER RELIEF THE COURT DEEMS JUST AND PROPER.

## IX. VERIFICATION

51. I AM THE PLAINTIFF IN THIS PROCEEDING. I HAVE WRITTEN THE FOREGOING COMPLAINT AND THE MATTERS STATED IN IT ARE TRUE OF MY OWN KNOWLEDGE. ANY FACTS STATED ON INFORMATION AND BELIEF ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF. I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON OCTOBER 11, 2023, AT NAPA, CALIFORNIA.

RESPECTFULLY SUBMITTED,

Edgar Aguilar

EDGAR AGUILAR #200703760
NCDC
SHU #339
1125 THIRD ST.
NAPA, CA 94559,
PLAINTIFF.

JURY TRIAL DEMANDED

