UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR AGUILAR,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>NAPA COUNTY BOARD OF SUPERVISORS, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-05313 NC (PR)<br><br>**ORDER OF SERVICE ON DEFENDANTS CENTENO AND MARTINEZ; DIRECTING DEFENDANTS TO FILE DISPOTIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, concerning events which occurred at a jail while in the custody of the Napa County Department of Corrections ("NDOC"). Dkt. No. 1 at 1. The Court found the complaint stated cognizable claims and ordered service on the named Defendants. Dkt. No. 5. The Court subsequently granted Plaintiff's unopposed motion for leave to file a supplemental complaint. Dkt. No. 19; Dkt. No. 24.

It has recently come to the Court's attention that Plaintiff named Lt. Martinez and Correctional Officer Centeno as new defendants in the supplemental complaint. Dkt. No. 19 at 10. Plaintiff made allegations against them in the original complaint but did not

1

name them as defendants. Dkt. No. 1 at 3-5. He rectified that error in the supplemental complaint. Dkt. No. 19.

Plaintiff's allegations against Defendants Martinez and Centeno indicate that they were involved in the alleged deprivation of his First and Fourteenth Amendment rights by the confiscation of the book which is the subject of this action. *Id.* at 11-13. Accordingly, these defendants shall be served with this action.

## CONCLUSION

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (Dkt. No. 1), the supplemental complaint (Dkt. No. 19), a magistrate judge jurisdiction consent form, a copy of the Court's Order of Service, (Dkt. No. 5), and a copy of this order to **Defendants Lt. Martinez and Correctional Officer Centeno** at the **Napa County Department of Corrections (1125 3rd St., Napa, CA 94559)**. The Clerk of the Court shall also mail a courtesy copy of this order to the Office of the County Counsel for Napa County (1195 Third St., Suite 301, Napa, CA 94559). Additionally, the Clerk shall mail a copy of this order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, Defendants will be required to serve and file an answer within **sixty (60) days** from the date on which the request for waiver was sent to them. Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date

provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

    3.    No later than **twenty-eight (28) days** from the date the form is sent from the Court, Defendants shall file their Consent or Declination to Magistrate Judge Jurisdiction.

    4.    No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

    a.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b.    **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See *Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

    5.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See*

3

*Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

DATED: October 30, 2024

NATHANAEL M. COUSINS
United States Magistrate Judge

Order of Service on New Defs.
PRO-SE\NC\CR.2023\05313Aguilar_svc2

4